# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Target Corporation, Sharito Rojas, Salvador Aragon, Martha Aguilar and DOES 1-15

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Josephina Estrada



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

AUG -6 2013

Clerk of the Superior Court
of Santa Clara, California

Deputy Clerk

**SUM-100**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court
Civil Division
191 N. First St
San Jose, CA

CASE NUMBER
*(Número del Caso):* 113CV250744

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

...ier Executive Officer, Clerk

DATE: August 06, 2013
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TARGET CORPORATION
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 415.30
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | POS-010 |
|---|---|
| Margaret G. Akdeniz Cal Bar No. 202551<br>AKDENIZ LAW GROUP<br>79 Devine Street, Suite 10-1<br>San Jose CA 95110<br>TELEPHONE NO.: 408.694.3143  FAX NO. *(Optional)*: 498.694.3142<br>E-MAIL ADDRESS *(Optional)*: mga@akdeinzlawgroup.com<br>ATTORNEY FOR *(Name)*: Josephina Estrada | FOR COURT USE ONLY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara |
|---|
| STREET ADDRESS: 191 North First Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose 95113 |
| BRANCH NAME: Downtown |

| PLAINTIFF/PETITIONER: Josephina Estrada | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation et al | 113CV250744 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents)*: Civil Lawsuit Notice

3. a. Party served *(specify name of party as shown on documents served)*:
   Target Corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Pritee Thakarsey Esq

4. Address where the party was served:
   Sayfarth and Shaw 560 Mission Street, San Francisco CA 94105

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:  from *(city)*:  or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use  
Judicial Council of California  
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2  
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Josephina Estrada | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation et al | 113CV250744 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on (date): August 30, 2013       (2) from (city): San Jose CA
   (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* Target Corporation
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                                       ☑ other: 415.30

7. **Person who served papers**
   a. Name: Gokhan Akdeniz
   b. Address: 79 Devine Street, Suite 101, San Jose CA 95110
   c. Telephone number: 408.694.3143
   d. **The fee** for service was: $ 0
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: August 30, 2013

Gokhan Akdeniz
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

Margaret G. Akdeniz, Esq. SBN: 202551
AKDENIZ LAW GROUP
79 Devine Street, Suite 101
San Jose, CA 95110
Phone: (408) 694-3143
Fax: (408) 694-3142
Attorney(s) for Plaintiff, Josephina Estrada

ENDORSED
FILED
AUG -6 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By D. Woodel, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

113CV250744

JOSEPHINA ESTRADA

Plaintiff,

vs.

TARGET CORPORATION, SHARITO ROJAS, SALVADOR ARAGON, MARTHA AQUILAR INDIVIDUALS, and DOES 1-15

Defendant(s).

CASE NO.:

COMPLAINT FOR DAMAGES

1) SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF CALIFORNIA. CONSTITUTION ARTICLE I, § 8 and CAL. GOV'T CODE § 12900 *et seq*
2) FAILURE TO TAKE ALL REASONABLE STEPS TO ELIMINATE SEXUAL HARASSMENT IN VIOLATION OF CAL. GOV'T CODE § 12940(k)
3) HOSTILE WORK ENVIRONMENT IN VIOLATION OF CAL. GOV'T CODE §2940(j)
4) NEGLIGENT SUPERVISION AND RETENTION.
5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
6) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[Damages Exceed $25,000]
JURY TRIAL DEMANDED

JOSEPHINA ESTRADA ("PLAINTIFF"), as an individual, complains and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has personal jurisdiction over the Defendants because they are residents of and/or doing business in California.

- 1 -

COMPLAINT FOR DAMAGES

2. Venue is proper in this county in accordance with Section 395(a) of the Cal. Code of Civil Procedure because the Defendants, or some of them, reside in this county.

## PARTIES

3. Josephina Estrada is an individual and female who, at all times during the events alleged in this Complaint, was employed by Defendant Target Corporation as a Stocker. The store will be referred to collectively as "COMPANY" or "DEFENDANT." Defendants Sharito Rojas, Salvador Aragon and Martha Aquilar employees and supervisors for Defendant Target Stores will be referred to collectively as Defendants or by name.

4. The true names and capacities, whether corporate, associate, individual or otherwise of Defendants DOES 1 through 15, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Josephina Estrada, as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

5. At all times mentioned herein, Defendants, and each of them, were the agents, representatives, employees, successors and/or assigns, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, and/or assigns.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Company and DOES 1 through 15, and each of them, are and were corporations or other business entities, and are and were, at all relevant times mentioned herein, "Employers" within the meaning of Cal. Gov't Code § 12940(h)(3)(A).

7. Plaintiff is informed and believes, and thereon alleges, that: Martha Aquilar, Sharito Rojas, and Salvador Aragon and DOES 1 through 50, and each of them, are individuals who, at all relevant times mentioned herein, were employed by Company and/or DOES 1 through 50.

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

- 2 -

**COMPLAINT FOR DAMAGES**

8. Plaintiff is informed and believes, and thereon alleges, that during all relevant times mentioned herein, Defendants Target Store #0676, Martha Aquilar, Sharito Rojas, and Salvador Aragon and DOES 1 through 50 were residents of Monterey County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. In 2003, Company hired Josephina Estrada to work as a stocker in their Target retail store. Throughout her employment, Plaintiff received positive performance evaluations and salary increases as provided to employees.

10. Plaintiff is informed and believes, and thereon alleges, that during all relevant times mentioned herein, Martha Aquilar, Sharito Rojas, and Salvador Aragon was employed by Company in a managerial and supervisory capacity over Plaintiff. Martha Aquilar was the direct supervisor over Plaintiff who had the authority to discipline, review Plaintiff's work, and terminate Josephina Estrada.

11. Any and all of the conduct and actions described in this Complaint occurred in the course and scope of Plaintiff's employment with Company, Defendant(s) and/or Does 1 through 15 and any and all such conduct and actions were ratified by the Company and/or Does 1 through 15.

12. On July 29, 2010, Plaintiff fell while performing her usual and customary duties as a stocker sustaining an industrial injury for which she received medical treatment and incurred periods of medical disability. Plaintiff presently works in a modified position in compliance with her medical restrictions.

13. During her employment, Plaintiff was eligible for and requested promotion to the position of team leader.

14. Beginning in January 2010 and through 2011, Martha Aquilar in her capacity as a supervisor for Defendant Company, and Sharito Rojas, and Salvador Aragon while acting in the course and scope of their employment as supervisors with Company, and/or in carrying out the policies and practices of Company, harassed Plaintiff based upon her sex orientation in a continuous and ongoing hostile, offensive and unwelcome course of conduct and actions creating a hostile work environment, including, but not limited to, those alleged herein.

COMPLAINT FOR DAMAGES

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

15. From January 201 through 2011 Marth Aquilar in her capacity as a supervisor for Target Corporation subjected Josephina Estrada to sexually demeaning and explicit verbal comments, gestures and other conduct. These behaviors were unwelcome, offensive, and created a hostile and intimidating work environment, including, but not limited to the following:

    a. On numerous occasions, Martha Aquilar warned other female employees not to be alone in the break room with Plaintiff;

    b. On numerous occasions, she spoke to Plaintiff's female co-workers questioning them about fraternizing with Plaintiff and asked if they knew that Plaintiff was a "lesbian."

    c. Salvador Aragon, and Sharito Rojas allowed and engaged in joking about and calling Plaintiff a "faggot" with employees.

16. In May 2010 Plaintiff expressed her concerns to Martha Aquilar that she wa not considered for the position of team leader and raised concern that it was because of Martha Aquilar's bias against Plaintiff for her sexual orientation.

17. On July 20, 2010 and on August 9, 20120 Josephina Estrada spoke with David Paulk, District manager for Human Resources and Janie Tatie also with Target Corporation Human Resources and lodged formal verbal complaint against her supervisors, specifically Martha Aquilar for sexual discrimination and harassment.

18 Josephina Estrada is informed and believes, and thereon alleges, that Company was aware of Martha Aquilar's, Salvador Aragon's, and Sharito Rojas' sexual harassment and discrimination against Plaintiff for her sexual orientation, but failed to take the immediate and appropriate corrective action necessary to ensure that they cease such conduct.

19. Josephina Estrada following her meeting in 2010 with David Paulk of Human Resources made written complaints to Company regarding the ongoing discrimination and harassment by supervisors and the implicit support by these same supervisors in harassment of Plaintiff by employees on Company.

20. Prior to the filing of this action, Plaintiff received Right To Sue Notice issued by the Department of Fair Employment and Housing and the Equal Employment Opportunity Commission which is attached hereto and referred to herein by reference as Exhibits A.

- 4 -

**COMPLAINT FOR DAMAGES**

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

# FIRST CAUSE OF ACTION

**Sexual Harassment in Violation of the Cal. Constitution Article I, § 8 and Cal. Gov't Code § 12900 et seq**

21. Josephina Estrada re-alleges and incorporates by reference paragraphs 1 through 20, as though set forth in full.

22. Plaintiff, a female, is a member of the class of persons protected by the proscription contained in Cal. Gov't Code §12900 et seq, which makes it an unlawful employment practice for an employer to sexually harass an employee because of sexual orientation.

23. In perpetrating the above-described actions, the Defendant(s), and each of them, including Does 1 through 15 and/or their agents and employees, engaged in a continuing and ongoing pattern and practice of unlawful sexual harassment in violation of Cal. Constitution Article I, § 8 and Cal. Gov't Code § 12900 et seq. Defendant(s), and each of them, sexually harassed Josephina Estrada and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

24. By the aforesaid acts and omissions of Defendant(s), and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, for which she will seek leave of Court to amend when ascertained.

25. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Josephina Estrada has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained. She does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

**COMPLAINT FOR DAMAGES**

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

26. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

27. Josephina Estrada is informed and believes, and thereon alleges, that the Defendant(s), and each them, by engaging in the aforementioned acts and, in the case of Company and Does 1 through 15, by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of her rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

28. As a result of Defendants' harassing acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Cal. Gov't Code §12965(b).

## SECOND CAUSE OF ACTION

**Failure by Target Corporation and its Supervisors to Take All Reasonable Steps to Eliminate Sexual Harassment in Violation of Cal. Gov't Code § 12940(k) /**

29. Josephina Estrada re-alleges and incorporates by reference paragraphs 1 through 28, as though set forth in full.

30. As alleged herein and in violation of Cal. Gov't Code § 12940(k), Target Corporation, breached its affirmative duty to take the reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace. The employer is obligated to take all reasonable steps to prevent harassment and to take immediate corrective action. Defendant's breach of said obligation was the direct and proximate cause for Plaintiff's subjection to sexual orientation harassment alleged herein.

31. By the aforesaid acts and omissions of Defendant(s), and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, for which she will seek leave of Court to amend when ascertained.

32. As a further direct and legal result of the acts and Josephina Estrada has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

COMPLAINT FOR DAMAGES

extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained. She does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

33. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

34. Josephina Estrada is informed and believes, and thereon alleges, that the Defendant by engaging in the aforementioned acts and, in the case of Company and Does 1 through 15, by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of her rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

35. As a result of Defendants' harassing and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Cal. Gov't Code §12965(b).

### THIRD CAUSE OF ACTION

### Hostile Work Environment in Violation of Cal. Gov't Code § 12940(j)

36. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 35, as though set forth in full.

37. The acts and omissions of Defendant, as aforesaid, were in violation of Cal. Gov't Code § 12940(j). Said statute imposes certain duties upon Defendants, and each of them, concerning a work environment which is so pervasive, severe or persistent that a reasonable woman would consider the environment to be hostile or abusive. Said statute was intended to prevent the type of injury and damage set forth herein.

38. By the aforesaid acts and omissions of Defendant, Josephina Estrada has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

39. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Josephina Estrada has been caused to and did suffer and continues to suffer

severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to her, who will seek leave of Court to assert the same when they are ascertained. She does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

40. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

41. Plaintiff is informed and believes, and thereon alleges, that the Defendant by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Josephina Estrada, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

42. As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Cal Gov't Code §12965(b).

## FOURTH CAUSE OF ACTION

### Negligent Retention and Supervision by Target Corporation

43. Josephina Estrada re-alleges and incorporates by reference paragraphs 1 through 42, as though set forth in full.

44. Defendant and its agents, representatives and supervisors had a duty to protect Plaintiff from employees and supervisors who they knew or should have known created a risk of injury to her. Defendant(s) and each of them, breached such duty by continuing to employ and ratify the behaviors of its supervisor(s) and by failing to adequately supervise the workplace despite the fact that they knew, or should have known, that the workplace was infested with hostile, offensive, and demeaning harassment of Josephina Estrada.

45. As a proximate result of the acts and conduct of Defendant through its supervisor(s), as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

**COMPLAINT FOR DAMAGES**

anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained. She does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

46. By the aforesaid acts and omissions of Defendant(s), and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained, for which she will seek leave of Court to amend when ascertained.

47. Josephina Estrada has been generally damaged in an amount within the jurisdictional limits of this Court.

48. Josephina Estrada is informed and believes, and thereon alleges, that the Defendant(s) by engaging in the aforementioned acts and by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of her rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

49. As a result of Defendant's behaviors, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Cal. Code Civ. Proc. §1021; Cal. Gov't Code §12965; Cal. Civ. Code §52.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

50. Josephina Estrada re-alleges and incorporates by reference paragraphs 1 through 49, as though set forth in full.

51. Defendant Company through its supervisors, . engaged in extreme and outrageous conduct by intentionally and/or recklessly subjecting Plaintiff, or permitting her to be subjected to, unwanted, unwelcome and non-consensual sexual remarks, abuse, harassment, and discrimination. Defendant Company and its supervisors ratified such conduct by failing and/or refusing to take any and all reasonable steps necessary to prevent such conduct from occurring, by failing to take

**COMPLAINT FOR DAMAGES**

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

appropriate corrective action following such conduct. As a direct and legal result, Josephina Estrada was harmed, and continues to suffer harm, in an amount to be proved at trial.

52. Josephina Estrada was subjected to egregious, cruel and debasing harassment by her supervisor(s), Martha Aquilar, Salvador Aragon, and Sharito Rojas, who intentionally abused their power as a representative of the employer over the Plaintiff. These behaviors were outside the expectations of a reasonable person in the employment relationship.

53. Despite the fact that Plaintiff complained to management about the harassing conduct to which she was being subjected, Plaintiff is informed and believes, and thereon alleges, that Stanford Hospital and Clinics and DOES 1 through 50, and each of them, their agents and/or assigns, failed to investigate the matter in an adequate and timely manner necessary to prevent foreseeable harm to Plaintiff.

54. As a direct and legal result of Company and its supervisors willful, wanton, intentional, malicious and/or reckless conduct, Josephina Estrada suffered severe and extreme mental and emotional distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety, the exact nature and extent of which are not now known to Plaintiff. She will seek leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the injuries are reasonably certain to be permanent in character.

55. Josephina Estrada has been generally damaged in an amount within the jurisdictional limits of this Court.

56. Plaintiff is informed and believes, and thereon alleges, that the Defendant by engaging in the aforementioned acts and by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, safety, and mental well-being thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

**COMPLAINT FOR DAMAGES**

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

57. Josephina Estrada repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 56 and incorporates the same herein as though fully set forth.

58. As an employee of Company and/or Does 1 through 15, Plaintiff was owed a duty of due care by Target Corporation, and its supervisors, to ensure that she was not exposed to foreseeable harms.

59. Company knew that Josephina Estrada was being subjected to harassment, and retaliation, and that by failing to exercise due care to prevent her supervisor and any other employee from engaging in harassing behaviors and retaliatory course of conduct which could and would cause Plaintiff negligently exposed her to severe emotional distress.

60. Defendant failed to exercise its duty of due care to prevent harassment, a hostile work environment and discrimination.

61. As a proximate result of the acts and conduct of Company and its supervisors, and each of them, as aforesaid, Josephina Estrada has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

62. Josephina Estrada has been generally damaged in an amount within the jurisdictional limits of this Court.

63. Plaintiff is informed and believes, and thereon alleges, that the Defendant by and through its supervisors allowed and ratified malicious, intentional, oppressive and despicable conduct in its workplace. This negligence and disregard for the welfare, safety, and mental well-being of its employee, Josephina Estrada, thereby justifies an award of punitive and exemplary damages in an amount to be determined at trial.

**COMPLAINT FOR DAMAGES**

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110

## **PRAYER FOR RELIEF**

WHEREFORE, Josephina Estrada repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 63 and incorporates the same herein as though fully set forth and prays for judgment against Defendant as follows:

1. General damages in an amount to be proved at trial;
2. Special damages in an amount to be proved at trial;
3. Exemplary damages in an amount appropriate to punish Defendants and to make an example of them to the community;
5. Reasonable attorneys' fees;
6. Costs of suit;
7. Interest;
8. Plaintiff prays that judgment be entered in her favor and against the defendant for all the above stated causes of action, herein, and that the Plaintiff be awarded all relief available to her by law and statute and further relief as the court deems proper and just.

Dated: August 06, 2013

AKDENIZ LAW GROUP

By: _____
Margaret G. Akdeniz
Attorney for Plaintiff
Josephina Estrada

Akdeniz Law Group
79 Devine ST
Suite 101
San Jose CA 95110



STATE OF CALIFORNIA | State and Consumer Services Agency          GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(800) 884-1684 | Videophone for the DEAF (916) 226-5285          DIRECTOR PHYLLIS W. CHENG
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 6, 2012

Josefina Estrada
C/O Akdeniz Law Group
79 Devine St. Ste. 101
San Jose, CA 95110

RE: Notice of Case Closure and Right to Sue
E201112H0088, 01, 02, 03 Estrada/ Target Store #0676; Estrada/Sharito Rojas; Estrada/Salvador Aragon; Estrada/Martha Aguilar

Dear Josefina Estrada:

This letter informs you that the above-referenced complaint(s) that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 7, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint(s).

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Philip T. Niggle
661 395 2562

Cc: Target Store #0676, Agent for Service for Target Store
Rojas, Sharito; Aragon, Salvador; Aguilar, Martha.

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive Suite 100 Elk Grove, CA 95758 (916) 478-7251 | 4800 Stockdale Highway Suite 215 Bakersfield, CA 93309 (661) 395-2729 | 1277 E. Alluvial Avenue Suite 101 Fresno, CA 93720 (559) 244-4760 | 1055 West 7th Street Suite 1400 Los Angeles, CA 90017 (213) 439-6799 | 1515 Clay Street Suite 701 Oakland, CA 94612 (510) 622-2941 | 2570 N. First Street Suite 480 San Jose, CA 95131 (408) 325-0344 |

A

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: 113CV250744

### PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Honorable Peter Kirwan**     Department: **8**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **DEC - 3 2013**   Time: **3:00 PM**   in Department: **8**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08              CIVIL LAWSUIT NOTICE              Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
  < The action is for personal injury, property damage, or breach of contract
  < Only monetary damages are sought
  < Witness testimony, under oath, needs to be evaluated
  < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
  < The parties have complex facts to review
  < The case involves multiple parties and problems
  < The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 6/08